IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED JUL 1 5 2003

JUL 1 4 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL J. CORBETT, | ) |
| Plaintiff, | ) |
| vs. | ) No. 00 C 4661 |
| TERRANCE WHITE, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and TIM TYLER, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and as a Police Officer of the State of Illinois | ) Judge Gottschall<br>) Magistrate Judge Schenkier |
| Defendants. | ) |

## DEFENDANTS' MOTION IN *LIMINE* NO. 2

NOW COME the Defendants, TERRANCE WHITE, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and TIM TYLER, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and as a Police Officer of the State of Illinois, by and through their attorneys, HARTIGAN & CUISINIER P.C., and pursuant to the Federal Rules of Evidence 104(b), 402, 403, 404(b), and 803(c), move this Honorable Court for an order in *limine* to limit the introduction into evidence and instruct the plaintiff not to mention, refer to, interrogate concerning, voluntarily answer, introduce any evidence concerning, or attempt to convey to the jury at any time during the proceedings in any manner, either directly or indirectly, the subject matter of the following matters:

1. During the course of his deposition, MR. CORBETT indicated that he had evidence the Markham Police did not remove the warrant from the computer when they were ordered to do so, and that resulted in his arrest and confinement in Cook County Jail.

2. That when CORBETT was asked whether he had any evidence that OFFICER WHITE or OFFICER TYLER had anything to do with the warrant not being removed from the LEADS system, MR. CORBETT stated that all he had was "circumstantial evidence". (Corbett deposition, page 42.)

3. CORBETT has no evidence that WHITE or TYLER had anything to do that resulted in the arrest warrant not being removed from the LEADS computer. (Corbett deposition, p. 43.)

4. The introduction of that testimony and the testimony as to what occurred in the Cook County Jail as a result of MR. CORBETT's arrest are irrelevant.

5. Moreover, Judge Gottschall, in her memorandum opinion, indicated that the City of Markham could not be held responsible for MR. CORBETT's arrest, pursuant to judge-issued warrant, following his failure to appear at the January 6, 1999 court date.

WHEREFORE, the defendants, TERRANCE WHITE, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and TIM TYLER, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and as a Police Officer of the State of Illinois, respectfully request this Honorable Court enter an order in *limine* in accordance with the foregoing.

Respectfully Submitted,

Patrick H. O'Connor, one of the attorneys for the defendants, Terrance White and Tim Tyler

Russell W. Hartigan
Patrick H. O'Connor
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street
Suite 2150
Chicago, Illinois 60601
(312)201-8880

*See Case File for Exhibits*