00-55-3938        ARDC No. 01144642

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JUL 1 4 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL J. CORBETT, | ) |
| Plaintiff, | ) |
| vs. | ) No. 00 C 4661 |
| TERRANCE WHITE, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and TIM TYLER, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and as a Police Officer of the State of Illinois | ) Judge Gottschall<br>) Magistrate Judge Schenkier |
| Defendants. | ) |

## DEFENDANTS' MOTION IN *LIMINE* NO. 6

NOW COME the Defendants, TERRANCE WHITE, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and TIM TYLER, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and as a Police Officer of the State of Illinois, by and through their attorneys, HARTIGAN & CUISINIER P.C., and pursuant to the Federal Rules of Evidence 104(b), 402, 403, 404(b), and 803(c), move this Honorable Court for an order in *limine* to limit the introduction into evidence and instruct the plaintiff not to mention, refer to, interrogate concerning, voluntarily answer, introduce any evidence concerning, or attempt to convey to the jury at any time during the proceedings in any manner, either directly or indirectly, the subject matter of the following matters:



1. During the course of the discovery of this matter, it was learned that plaintiff was involved in an altercation with Elk Grove police officers, two of whom have been deposed.

2. That during the course of the depositions of Officer Vrchota and Rebecca Scepurek, MR. CORBETT became belligerent with the police officers when they attempted to place him under arrest, committing a battery on at least one officer, according to the officer's testimony.

3. If the only purpose of introducing this evidence is to show the plaintiff is a person with a dangerous or violent disposition, the evidence would probably be excluded, pursuant to Federal Rules of Evidence 404(b). However, this evidence is not introduced for the sole purpose to show that the plaintiff has a violent or quarrelsome disposition. It has been found that other acts on the part of the plaintiff are admissible for a variety of reasons, such as:

- To assess the reasonableness of the force used, West v. Love, 776 F.2d 170 (7th Cir. 1985);

- To show that the plaintiffs used more force than allowed by law, Palmerin v. City of Riverside, 794 F.2d 1409 (9th Cir. 1986);

- To show that the plaintiff's detainee's problems with inmates started before prison guard labeled him as a snitch, Williams v. Mensey, 785 F.2d 631 (8th Cir. 1986);

- To show plaintiff's motive for resisting arrest, Hernandez v. Cepeda, 860 F.2d 260 (7th Cir. 1988);

- To rebut plaintiff's claim that he did not know he was dealing with a police officer, Lewis v. District of Columbia, 793 F.2d 361 (D.C. Cir. 1986);

- To resolve questions of compensatory damages and punitive damages, Hancock v. Hobbs, 967 F.2d 462 (11th Cir. 1992), Lewis v. District of Columbia, 793 F.2d 361 (D.C. Cir. 1986);

- To rebut the plaintiff's claim of accident and mistake and to show plaintiff's intent, Young v. Rabideau, 821 F.2d 373 (7th Cir.), cert denied, 484 U.S. 915 (1997); and

- To show the plaintiff's bias, Heath v. Cast, 813 F.2d 254 (9th Cir.), cert denied, 484 U.S. 849 (1987).

4. It has been held that evidence of a plaintiff's prior encounters with law enforcement officers may be relevant on the question of the plaintiff's bias against them. Bias evidence is not limited to criminal cases. When a party takes the stand, that party becomes a witness subject to impeachment like any other witness. For example, in Hancock v. Dodson, 958 F.2d 1367 (6th Cir. 1992), evidence of a prior state court suit to recover for injuries suffered in an automobile accident was relevant. The court found that the evidence of the other lawsuit was not unfairly prejudicial at all because, absent unauthorized conduct on the part of the attorney, there is nothing unfair about having to explain one's past lawsuits. (Quoting Williams v. Union Carbide Corp., 790 F.2d 552, 556 (6th Cir.), cert denied, 479 U.S. 992.

5. The decisional law demonstrates that other evidence may be admissible on the issue of bias. The United States Supreme Court has resolved that it is permissible to

3

impeach a witness by showing his bias under the Federal Rules of Evidence just as it was permissible to do so before their adoption. United States v. Able, 469 U.S. 45, 51 (1984).

6. The defendants are not seeking to introduce the evidence of these other lawsuits on the issue of plaintiff's character but rather to show his bias against police officers in general and in particular the injuries alleged in the other lawsuits are probative and relevant.

WHEREFORE, the defendants, TERRANCE WHITE, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and TIM TYLER, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and as a Police Officer of the State of Illinois, respectfully request this Honorable Court enter an order in *limine* in accordance with the foregoing.

Respectfully Submitted,

Patrick H. O'Connor, one of the attorneys for the defendants, Terrance White and Tim Tyler

Russell W. Hartigan
Patrick H. O'Connor
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street
Suite 2150
Chicago, Illinois 60601
(312)201-8880