IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL J. CORBETT )
)
    Plaintiff )
) Hon. Judge Gottschall
v. )
) 00cv4661
)
TERRANCE WHITE, et el )

## Notice of Filing

TO Russell W. Hartigan, Patrick H. Oconner, 222 N. Lasselle Street, Suit 2150, Chicago, IL 60601

Notice of Filing

Motions in Limine for Pretrial Order

**FILED**

JUL 1 5 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The undersigned, being first duly sworn on oath deposes and states that he served the above and foregoing pleading on the attorneys for each party to whom it is directed, in a properly addressed postage prepaid envelope, by depositing same in the U.S. mail located on Ogden Ave, Lisle, IL 60532, on this 16th day of June, 2003, ~~Next day delivery~~.
and email on 7/15/03

_____

### AFFIDAVIT

I _____ , under penalty of perjury, state that the above mentioned facts contained in this affidavit are true and correct, are within my personnel knowledge, and if called upon to testify in court to the following, I would do so.

Michael J. Corbett
P.O. Box 3756
Lisle, IL 60532
630-667-6317

67

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL J. CORBETT )
      Plaintiff ) 00cv4661
 )
 ) Hon. Judge Gottschall
v. )
 ) Magistrate Judge Shenkier
TERRANCE WHITE, TIM TYLER )
      Defendants )

## PLAINTIFF'S MOTIONS IN LIMINE

Comes now the Plaintiff in the above-entitled case and moves the court in limine for an order instructing the Defendants to refrain absolutely from making any direct or indirect reference whatsoever in person, by counsel, or through witnesses, to the evidence hereinafter specified, on the following grounds:

1. The case has now been set for trial.

2. According to the Final Pretrial Order the trial will involve a determination of these issues.

    a) Whether the Plaintiff committed assault and battery against Terrance White

    b) Whether the Defendants Terrance White and Tim Tyler, acting under color of law whereby they entered into a section 1983 conspiracy to violate his due process civil rights, they acted separately and in concert to violate his rights of free speech, his rights to a fair trial, and maliciously prosecuted the Plaintiff under state law without probable cause to do so.

    c) Whether Defendants Terrance White and Tim Tyler violated the Plaintiffs civil rights to be free from unlawful search and seizure of the plaintiff's vehicle.



I) Prior Criminal Acts

3. The plaintiff, is informed, believes, and hence alleges that at said trial the defendants will attempt to introduce evidence, make reference to the fact, or otherwise leave-the jury with the impression, that the defendant has committed other crimes of battery against police officers.

4. It is immaterial and unnecessary to the disposition of this case and contrary to Federal Rules of Evidence to permit such evidence or inference and would be highly prejudicial to the plaintiff, in the minds of the jury in that it would confuse the issues in this instant case, and would tend to put the plaintiff in a bad light to the jury. The Plaintiff has never been convicted of a felony, a misdemeanor involving truthfulness, or of a _**battery**_. (emphasis added)

5. An ordinary objection during the course of trial, even if sustained with proper instructions to the jury, will not remove such effect because introduction of such evidence is unfair, irrelevant and would not shed any light on the issues in this instant case.

Wherefore, the Plaintiff prays this court to exercise its discretion and make an order absolutely prohibiting said offer or reference.

II) Prior Lawsuits

6. The plaintiff, is informed, believes, and hence alleges that at said trial the defendants will attempt to introduce evidence, make reference to the fact, or otherwise leave-the jury with the impression, that the defendant is litigation prone.

7. It is immaterial and unnecessary to the disposition of this case and contrary to Federal Rules of Evidence to permit such evidence or inference and would be highly prejudicial to the plaintiff, in the minds of the jury in that it would confuse the issues in this instant case, and would tend to put the plaintiff in a bad light to the jury.

8) See for example McClintock v Travelers Ins. Co. (Tex Civ) 393 SW2d 421, error ref n r e., [d]espite a pretrial order issued on a motion in limine to refrain from any reference at trial to prior lawsuits initiated by the plaintiff, counsel for the defense elicited in testimony before the jury a history of the

plaintiffs minor injuries and claims dating back some thirty-five years. The appellate court held that conduct of this nature must have so prejudiced the jurors that they would have had difficulty rejecting the belief that the plaintiff was a "litigation-prone" individual.

9. An ordinary objection during the course of trial, even if sustained with proper instructions to the jury, will not remove such effect because introduction of such evidence is unfair, irrelevant and would not shed any light on the issues in this instant case, a limiting instruction would have the effect of telling a child to stand in the corner and NOT think of elephants.

Wherefore, the Plaintiff prays this court to exercise its discretion and make an order absolutely prohibiting said offer or reference.

III) Prior Inconsistent Statements

10) The plaintiff wishes to introduce evidence that the defendant TYLER, has been less than truthful in his answers propounded to him in his interrogatories, and in his deposition.

11) Defendant TYLER has been sued before for false arrest, malicious prosecution, and excessive force.

12) During that lawsuit the following question was propounded to him.

> Has a verbal or written complaint ever been filed against you with the Markham Police Department for abuse, false arrest or excessive force? If so, state the date, name of the complaint and circumstances and disposition of the complaint and/or investigation.

> Answer: a written complaint was filed with the Board of Fire and Police Commission on February 20, 1996. The Board of Fire and Police investigated the complaint and found no wrongdoing on the part of Officer Timothy Tyler.

13) An interrogatory was propounded to TYLER in this instant case

> Were there in existence at the times of these incidents, internal administrative procedures designed to prevent and correct instances of

abuse of authority of police officers of the Markham Police Department? If yes state:

a) The nature of such procedures
b) The person who is responsible for implementing such procedures
c) Any charges made against you in internal administrative procedure(s), including the names, addresses, and telephone number of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

Answer: There was a complaint procedure. Ultimately, it was the responsibility of the Chief. I am unaware of any disciplinary proceeding initiated against me. The[re] was an investigation related to the Jama Hason matter. *__Ultimately because the Hasons__* (emphasis added) refused to participate in the investigation, it was dropped.

14) All the credible evidence of the Hason charges and suit clearly indicate that the Hasons wanted disciplinary action taken against TYLER. The charges were levied within days of the event in question. Thereafter that Jama Hason case eerily resembles this instant case.

> He pled not guilty to the charges and requested a jury trial.
> His jury trial did not start for approximately 2 years. [SIC]
> Just before the statute of limitations expired, he filed a civil lawsuit
> He was acquitted.
> He participated in the civil lawsuit.
> There is no evidence whatsoever that he did not participate in the Board of Fire and Police Commission investigation.

15) Defendant TYLER during a deposition in this instant case answered the following question.

Question: Investigation of the incidents in Hason was there an interrogatory in the package of interrogatories Mr. Corbett sent you.?

Answer: I would have to look through it to say yes or no. I don't recall, sir.

Question: So and it's your testimony now that you do not recall answering that the – Mr. Hason dropped the charges?

Answer: No, that's not what I'm answering to.

Question: Did Mr. Hason refuse to cooperate with the Police and Fire commission?

Answer: That wasn't part of the process. I was called before the police and fire commission, investigation was conducted and based on their investigation, they made their decision.

Mr. Corbett: When I ask your client a yes or no question, I would prefer that he –

Mr. Oconner: He's entitled to give an explanation. I mean this is a deposition. But if he can answer them yes or no, he'll answer them yes or no.

Answer: I don't know. I don't know if Mr. Hason cooperated with the police and fire commission. I don't know, sir

Wherefore, the court is requested to rule in limine whether the Plaintiff will be permitted to introduce evidence of Tyler's "prior inconsistent statements" The answer to the interrogatory was not only false, but was intentionally given, and was in fact a perjury. The plaintiff has no objection to an appropriate limiting instruction.

_____
Michael J. Corbett
Plaintiff Propria Persona

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. CORBETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 00 C 4661 ) |
| TERRANCE WHITE, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and TIM TYLER, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and as a Police Officer of the State of Illinois | ) Judge Gottschall ) ) Magistrate Judge Schenkier ) ) ) ) ) ) |
| Defendants. | ) |

### DEFENDANT TIM TYLER'S ANSWERS
### TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES the Defendant, TIM TYLER, by and through his Attorneys, HARTIGAN & CUISINIER P.C., and for his Answers to Plaintiff's First Set of Interrogatories hereby states as follows:

1. State your full name, residence address, business address, date and place of birth, height, weight, social security number, marital status, driver's license number, marital status, driver's license number, employer, badge number and DSN.

    **ANSWER:** Objection: Relevance regarding the residence address, place of birth, social security number, marital status, driver's license number inquiries.

    Name:             Tim Tyler
    Business address: 9511 West Harrison, Des Plaines, IL 60016
    Employer:         Illinois State Police

2. Identify each person consulted in investigating, preparing and/or framing your Answers to each Interrogatory or any subpart thereof, and identify each document consulted in

drug screening and placement on list for hire. Upon being accepted for potential hire, prerequisites for permanent placement are successful completion of Illinois State Police Academy/ Chicago Police Academy and successful completion of 1-year probationary period.

21. State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the Markham Police Department.

    **ANSWER:** See answer to question 20.

22. Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer in the Markham police department, or any other police department, with abuse of your lawful authority? If yes, state for each suit:

    a) The name and address of each plaintiff;
    b) The name and address of each defendant;
    c) The nature of the cause of action;
    d) The date on which the suit was instituted;
    e) The court in which the suit was instituted;
    f) The name and address of the attorney for each party;
    g) The result of each suit that has been concluded by judgment or settlement;
    h) Title and docket number of the case(s).

    **ANSWER:** Yes, Jama Hasan v. City of Markham (Officer Tyler) approx. Date 1994. I am unaware of the docket number, or other details of the action. I will supplement that information as soon as I can.

23. If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

    **ANSWER:** No.

24. Were there in existence at the times of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the Markham Police Department? If yes, state:

    a) The nature of such procedures;
    b) The person who is responsible for implementing such procedures;
    c) Any charges ever made against you in internal administrative procedure(s), including the names, addresses, and telephone number of all complainants, the nature of the

charges, the identity of th person administering the disciplinary proceedings, and the outcome.

**ANSWER:** There was a complaint procedure. Ultimately, it was the responsibility of the Chief. I am unaware of any internal disciplinary proceeding initiated against me. The was an investigation related to the Jama Hasan matter. Ultimately, because the Hasans refused to participate in the investigation, it was dropped.

25. Were either you or your employer insured during the period of time during which this incident occurred against judgments of personal liability based on any abuse of your lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state or federal judgment based on any abuse of your lawful authority? If yes, state:

   a) The name and address of the insurer;
   b) The name and address of the person or persons who pay(s) the premiums;
   c) The identification number of the policy;
   d) The effective dates of each policy;
   e) The policy limits, or amount of any bond;
   f) The substance of disclaimers of liability contained in the policy;

   **ANSWER:** Yes; insurer Coregis Insurance Company. Declaration sheet will be provided.

Russell W. Hartigan
Patrick H. O'Connor
HARTIGAN & CUISINIER P.C.
134 North LaSalle Street
Suite 1800
Chicago, Illinois 60602
(312)201-8880

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

# In all to whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

under the seal of the National Archives and Records Administration, that the attached reproduction(s) is

true and correct copy of documents in his custody.

| SIGNATURE | | |
|---|---|---|
| *Margaret M. O'Farrell* | | |
| NAME  PAMELA A. WEGNER | DATE 4/8/02 | |
| TITLE  DIRECTOR, RECORD CENTER OPERATIONS | | |
| NAME AND ADDRESS OF DEPOSITORY  NARA-GREAT LAKES REGION (CHICAGO)  7358 SOUTH PULASKI ROAD  CHICAGO, ILLINOIS 60629 | | |

NA FORM 13040 (10-86)

SP00104

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED

APR 02 1999

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JAMA HASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NO: 98 C 1011 |
| | ) | |
| TIMOTHY TYLER #515, individually, | ) | Judge Elaine Bucklo |
| | ) | |
| Defendant. | ) | |

APR  1999

### DEFENDANT'S ANSWER TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Demand is hereby made upon you pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure to answer fully, in writing, under oath within thirty (30) days of service hereof upon each defendant, the following Interrogatories propounded by the plaintiff:

1. State your full name, address, date of birth, social security numbers and your approximate height and weight.

**ANSWER:**

Timothy Tyler                   Born: April 4, 1971
248 E. 141st Place              Height:   5'9"
Dolton, Illinois 60419-1104     Weight:   175lbs.

2. State the full name and address of each person who witnessed or claims to have witnessed the occurrence alleged in the Complaint.

**ANSWER:**

(Retired)                    Howard Hason                 Officer Ramon Davis
Sgt. William Gaffney         16918 Shea Avenue            16313 Kedzie Pky.
18529 S. Page                Hazel Crest, Illinois 60429  Markham, IL 60426
Homewood, IL                                              (708) 331-2171
(708) 957-2449

7. On February 18, 1996, how did you enter the premises of 3422 W. 159th Street?

ANSWER:

See attached Police Incident Report.

8. Describe, if any, the physical contact you had with the plaintiff, Jama Hason.

ANSWER:

See attached Police Incident Report.

9. State the criminal charges you placed against him.

ANSWER:

Battery and Resisting Arrest.

10. Did you ever appear in court regarding these criminal charges placed against the plaintiff on February 18, 1996? If not, why not? If so, what was the outcome of the charges?

ANSWER:

Yes, I appeared in court. There was a jury trial regarding the charges and Jama Hason was found not guilty.

11. Have you ever been sued for excessive force?

ANSWER:

No.

12. Has a verbal or written complaint ever been filed against you with the Markham Police Department for abuse, false arrest or excessive force? If so, state the date, name of the complaint and circumstances and disposition of the complaint and/or investigation.

ANSWER:

A written complaint was filed with the Board of Fire and Police Commission on behalf of Jama Hason on February 20, 1996. The Board of Fire and Police investigated the complaint and found no wrongdoing on the part of Officer Timothy Tyler.