DOCKETED
JUL 2 2 2003

FILED
JUL 2 1 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

00-55-3938                                                         ARDC No. 01144642

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. CORBETT,<br>      Plaintiff,<br>vs.<br>TERRANCE WHITE, Individually and in<br>his official capacity as a Police Officer<br>of the City of Markham, Illinois, et al.,<br>      Defendants. | No. 00 C 4661<br>Judge Gottschall<br>Magistrate Judge Schenkier |

### NOTICE OF FILING

TO: Mr. Michael J. Corbett (Pro Se), P.O. Box 3756, Lisle, Illinois 60532-8756

PLEASE TAKE NOTICE that on this 21st day of July, 2003, we filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, our **DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE*,** copies of which are attached hereto and served upon you.

### PROOF OF SERVICE BY MAIL

The undersigned, being first duly sworn on oath, deposes and states that s/he served the above and foregoing Notice, together with a copy of the pleading(s) therein referred to, upon each party to whom it is directed, in a properly addressed postage prepaid envelope, by depositing same in the U.S. mail located at 222 North LaSalle Street, Chicago, Illinois on this 21st day of July, 2003.

SUBSCRIBED and SWORN to before me this 21st day of July, 2003.

_____
Notary Public

Russell W. Hartigan
Patrick H. O'Connor
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street, Suite 2150
Chicago, IL 60601
(312) 201-8880

OFFICIAL SEAL
JANET L OWEN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10-24-06

00-55-3938  ARDC No. 01144642

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 2 1 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL J. CORBETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 00 C 4661 |
| ) | |
| TERRANCE WHITE, Individually and in ) | Judge Gottschall |
| his official capacity as a Police Officer ) | |
| of the City of Markham, Illinois and ) | Magistrate Judge Schenkier |
| TIM TYLER, Individually and in his ) | |
| official capacity as a Police Officer of ) | |
| the City of Markham, Illinois and as a ) | |
| Police Officer of the State of Illinois ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTIONS IN *LIMINE*

NOW COME the Defendants, TERRANCE WHITE, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and TIM TYLER, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and as a Police Officer of the State of Illinois, by and through their attorneys, HARTIGAN & CUISINIER P.C., and for their Responses to Plaintiff's Motions *in Limine* hereby state as follows.

Plaintiff has filed his motions *in limine* in one document in three parts labeled as follows:

I) Prior Criminal Acts;

II) Prior Lawsuits;

III) Prior Inconsistent Statements.

69

They will be responded to as follows:

I. **PRIOR CRIMINAL ACTS**

In this section, plaintiff wants an order prohibiting the defendants from introducing evidence that plaintiff committed other crimes of battery against police officers.

Although the plaintiff does not indicate under what provision he is proceeding, the defendants presume that plaintiff is attempting to prohibit evidence of the nature described in F.R.E. 404. 404(a) declares a general exclusionary rule that evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Rule 404(b) furthers the general prohibition against the use of character evidence by barring the admission of evidence of other crimes, wrongs or acts to prove the character of the person in order to show action in conformity therewith.

Plaintiff is partially correct.

While it is true that defendants want to introduce testimony of some of MR. CORBETT's other prior acts, they are not doing so to prove MR. CORBETT's character, disposition or propensity to act in conformity therewith. F.R.E. 404(b) provides that evidence of other acts may be admissible if sought to be used not to show character or propensity, but to show a fact that is specifically relevant to the case at hand. Rule 404(b)'s reference to "may be admissible" does not mean that the evidence is automatically inadmissible under 404(b)'s exclusionary rule. In the case at hand, plaintiff has denied threatening to "kick your ass" with fists clenched to OFFICER WHITE which formed the

basis of OFFICER WHITE's criminal complaint against CORBETT for assault. The plaintiff also claims that he did not bump OFFICER WHITE with his chest, which formed the basis of OFFICER WHITE's battery charge against him. The testimony of CORBETT's encounter with the Elk Grove Police Officers which resulted in MR. CORBETT poking a police officer with his finger and verbally threatening the officer would tend to show plaintiff's bias against police officers. Incidentally, plaintiff stated at his deposition that officers "that don't follow the law, I have an innate dislike for them. . ." (p. 85 of Corbett deposition.) The defendants feel it is fair for defendants to assert that MR. CORBETT, to the extent he feels is right, expresses his dislike for police in sometimes inappropriate ways. MR. CORBETT also claims that he was humiliated by having to go through the arrest procedures at Markham which he has done before and, therefore, that goes to the issue of compensatory and punitive damages for which plaintiff prays.

Finally, this evidence tends to show that plaintiff's motive for becoming upset at the police officers because of his dealings with the officers in Elk Grove Village on prior occasions. See generally, Hernandez v. Cepeda, 860 F.2d 260 (7th Cir. 1988). In Hernandez, an excessive force arrest case in which the defendant asserted that the plaintiff was resisting arrest, the circuit court held that it was not error for the trial court to allow defendants to introduce evidence that the plaintiff was arrested for rape and aggravated kidnapping. The evidence was probative of the plaintiff's motive to resist arrest for these serious charges, which in turn was relevant because it would tend to make the defendant's testimony that Hernandez did resist arrest more probable than it would be without the evidence.

Plaintiff has, which the defendants will attempt to show, and which the defendants believe the evidence will support, a bias against police officers which is at least admissible for bias impeachment. See Heath v. Cast, 813 F.2d 254 (9th Cir.), cert denied, 484 U.S. 849 (1987).

These prior acts of the plaintiff, particularly with respect to the Elk Grove Police Department incident, are probative on the issues of damages, bias, plaintiff's motive for becoming enraged and threatening OFFICER WHITE, and to show plaintiff's intent to accost police officer, and, therefore, rebut plaintiff's charge of fabrication of charges by WHITE.

WHEREFORE, the defendants, TERRANCE WHITE, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and TIM TYLER, Individually and in his official capacity as a Police Officer of the City of Markham, Illinois and as a Police Officer of the State of Illinois, respectfully request this Honorable Court enter an order in accordance with their motion *in limine* no. 6.

## II. PRIOR LAWSUITS

Plaintiff is correct that if evidence of other lawsuits is simply to show plaintiff's litigiousness or that he is a chronic litigant, that evidence will normally be excluded under Rule 403 because the probative value is outweighed by its prejudicial effect. Without a substantial link to bias, the evidence of plaintiff's litigiousness is improper character evidence.

4

There is now some reference in plaintiff's pleadings that he is not claiming emotional distress because of illegal searches of pat-downs. However, the plaintiff's Amended Complaint, which constitutes judicial admissions, specifically contained that allegation in the "damages" section. While the defendants believe that the course of the trial will be controlled by the allegations contained in the Complaint, should the plaintiff wish to withdraw certain elements of damages he has not done so effectively by the jury instructions he submitted.

In any event, to the extent to which the plaintiff does open the door, the other suits are probative on the issue of causation and will support an inference that MR. CORBETT's emotional condition was caused by either other actions for which he has sought recompense or is unrelated in whole or in part to the at-issue litigation. In Hancock v. Dodson, 958 F.2d 1367 (6th Cir. 1992), the circuit court held that the district court did not error in allowing defense counsel to cross-examine the plaintiff about her state court suit to recover for injuries her husband suffered in an automobile accident because it was probative on the issue of causation. The court ruled that absent unauthorized conduct on the part of the attorney, there is nothing unfair about having to explain one's past lawsuits.

To the extent to which plaintiff is going to be seeking damages for mental anguish, anxiety, depression and humiliation, since the plaintiff has placed his mental condition at issue with a claim for such damages, that evidence should be admitted. See Hancock v. Hobbs, 967 F.2d 462 (11th Cir. 1992). The other suits, to the extent they claim similar injuries, are probative on the issue of causation.

### III. PRIOR INCONSISTENT STATEMENTS

The plaintiff has labeled part III "Prior Inconsistent Statements". Prior inconsistent statements are specifically recognized under the Federal Rules as admissible as substantive evidence. What the plaintiff is really attempting to do is to introduce evidence that there was another lawsuit brought against OFFICER TYLER by a Mr. Hason. Although plaintiff has couched his motion in terms of prior inconsistent statements, the defendants feel that this is in actuality a subterfuge to get in an admissible lawsuit that was settled with no admission of liability.

In this case the defendant seeks protections of Rule 404(b) and its prohibition of the use of other act evidence to show a person's disposition or propensity for engaging in a particular type of conduct. A civilian complaint is like an arrest, indictment or any other accusation, it is nothing more than a charge. It is not probative of wrongdoing. See Brooks v. Scheib, 813 F.2d 1191 (11th Cir. 1987).

Illustrative of this is also a case of Berkovich v. Hicks, 922 F.2d 1018 (2nd Dist. 1991) in which the plaintiff argued that prior complaints should have been admitted to show a pattern of conduct by the officer. The Berkovich court said that to prove a pattern of conduct, the other acts must share "unusual characteristics with the act charged" or represent a "unique scheme". The standard was not satisfied in Berkovich because even assuming the allegations of the seven prior complaints could be proved they did not show the kind of *modus operandi* claimed in this case".

It is uncertain whether the plaintiff is really seeking to introduce some sort of *modus operandi*, but he has fallen far short. And while evidence of an officer's bad acts may be

6

probative on the issue of municipal and supervisory liability in order to show a municipal custom or practice, the plaintiff has not even filed suit against a municipality here or alleged a Monell claim. Attempting to introduce evidence of a prior complaint is a waste of time.

Moreover, the First Circuit in Kinan v. City of Brockton, 876 F.2d 1029 (1st Cir. 1989), held that the district court did not error in rejecting the plaintiff's attempt to introduce evidence of two prior 1983 actions that had been brought against the city. The circuit court found that they were not relevant because they were settled on the basis of negotiating compromise rather than upon findings of fact: "The considerations leading to a settlement are many and varied; at times they have little to do with the basic facts of a case. These two cases, therefore, cannot be used to prove a custom or practice." Just as in this case although the case was apparently dismissed on some sort of compromise, that can hardly be said to have been based on findings of fact and represents little more than plaintiff's end run of Rule 404. The collateral nature of this and F.R.E. 404 prohibits plaintiff's attempt to introduce clearly inadmissible testimony.

Respectfully Submitted,

Patrick H. O'Connor, one of the attorneys for the defendants, Terrance White and Tim Tyler

Russell W. Hartigan
Patrick H. O'Connor
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street
Suite 2150
Chicago, Illinois 60601
(312)201-8880

7