IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL J. CORBETT )
    Plaintiff ) 00cv4661
 ) 
v. ) Hon. Judge Gottschall
 )
 ) Magistrate Judge Shenkier
TERRANCE WHITE, et el )
    Defendant )

## NOT ENTIRELY CANDID, AND NOT IN GOOD FAITH

### BACKGROUND

Pat O'Conner, one of the attorney's for the plaintiff, made a "Confidential Settlement Memorandum" per Judge Shenkiers Order of 7/9/02.

It is clear, after reading this memorandum, that the statements, and legal conclusions of Pat O'Conner, were not entirely candid and the legal conclusions were not made in good faith. This memorandum, rather than having the effect of focusing and streamlining the issues to be litigated, has for the purposes of this settlement conference camouflaged the issues.

### DENIAL IF FAIR TRIAL

On 9/5/01, Judge Gottschall when ruling on the Defendants Motion to dismiss, ruled that the Plaintiff has alleged a Federal Constitution Due Process Violation, "Right to a Fair". Pat O'Conner now argues there was no constitutional violation.

Judge Gottschall went on to rule that when police officers were the complaining witnesses, no immunity applies.

Pat O'Conner sites 2 cases, a 1991 case and a 1983 case to support his argument, which is moot. Judge Gottschall's ruling collaterally estoppes Pat O'Conner from arguing otherwise, is not entirely candid with the insurance company that he represents,

and with this court, and ADC action should be taken, as this
argument was not made in good faith.

## Section 1983, VIOLATION OF RIGHT TO FREE SPEECH

On 9/5/01, Judge Gottschall when ruling on the Defendants
Motion to dismiss, ruled that the Plaintiff has alleged a Federal
Constitution Violation of his Right to Free Speech. Pat O'Conner
now argues no constitutional violation, and states that the
plaintiff's expressed words are not normally protected.

Judge Gottschall went on to rule that the expressed words
were protected and implicated the First Amendment.

Judge Gottschalls ruling collaterally estoppes Pat O'Conner
from arguing otherwise, is not entirely candid with the insurance
company that he represents, and with this court, and ADC action
should be taken, as this argument was not made in good faith.

## CONSPIRACY COUNT

Judge Gottschall did not rule on the Conspiracy Count in the
Defendants Motion to dismiss, and the plaintiff is not sure if A
Motion to Dismiss, or a Motion for Summary Judgment is more
appropriate, before this settlement conference continues, so as
to focus and streamline the issues. The Plaintiff firmly
believe there is more than enough evidence to send this count to
the jury to decide the facts in dispute.

## ILLEGAL SEARCH OF VEHICLE

Pat O'Conner states that the vehicle was not searched. The
Plaintiff has had this discussion with Pat O'Conner before, so he
may not now claim surprise. The police reports clearly state the
vehicle was searched and is undisputed. Additionally there is no
dispute the vehicle was seized, which requires the police to do
an inventory search. This bare boned conclusion that no search
took place, by Pat O'Conner, is not entirely candid with the

insurance company that he represents, and with this court, and ADC action should be taken, as this argument was not made in good faith.

## ILLEGAL SEIZURE

Pat O'Conners statements that the vehicle was seized in accordance with procedures is yet another bad faith argument. It is undisputed that the vehicle was legally parked when towed, and was not being towed due to the traffic tickets. It is undisputed that the alleged assault and battery occurred inside the stationhouse. The only legal conclusion is the vehicle was not seized contemporaneously with the arrest for assault and battery, and Pat O'Conner is not entirely candid with the insurance company that he represents, and with this court, and ADC action should be taken, as this argument was not made in good faith.

## STATE LAW - MALICIOUS PROSECUTION.

Pat O'Conner argues that the State Malicious Prosecution should be narrowly circumscribed, then ignores the fact the allegations in the case fall within the narrowly circumscribed category.

The plaintiff is not sure if a Motion to Dismiss, or a Motion for Summary Judgment is more appropriate, before this settlement conference continues, so as to focus and streamline the issues. The Plaintiff firmly believe there is more than enough evidence to send this count to the jury to decide the facts in dispute.

Respectfully submitted

*[signature]*

Michael J Corbett
P.O. Box 6197
Aurora, IL 60598-6197
630-667-6317