Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4661 | **DATE** | 12/29/2003 |
| **CASE TITLE** | Corbett vs. White & Tyler | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motions in Limine

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated during the pretrial conference held on August 14, 2003, plaintiff's and defendants' motions in limine are granted in part and denied in part. See reverse side of this minute order for detail. Further, plaintiff's request that the court take judicial notice of six "propositions" [87-1] is denied. Plaintiff has furnished the court with neither statutes, regulations nor case law to establish these propositions. The court has neither the time nor the inclination to do its own research and/or make its own investigation to determine whether these matters are or are not true and if true, are proper subjects of judicial notice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | Number of notices | |
| | No notices required. | | DEC 31 2003 | |
| | Notices mailed by judge's staff. | | date docketed | 89 |
| ✓ | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | IS docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| RT/KB | courtroom deputy's initials | 03 DEC 30 AM 3:52 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

**Reverse Side of Minute Order**
**12/29/03**
**Corbett v. White & Tyler**
**00 C 4661**

Plaintiff's motions in limine to exclude evidence of prior criminal acts [67-1] is granted; to exclude evidence of plaintiff's prior lawsuits [67-2] is denied for evidence relating to the case of *Corbett v. Sheehan* and granted for evidence relating to the case of *Corbett v. Biggs* (see below); and to introduce evidence of defendant Tyler's prior inconsistent statements [67-3] is denied.

Defendants' motions in limine to exclude evidence of defendants' participation in divorce proceedings and prior civil proceedings [60-1] is granted; to exclude evidence of defendants' alleged failure to remove plaintiff's arrest warrant from the police computer system [61-1] is granted; to exclude evidence of plaintiff's medical (mental and physical) condition after his arrest [62-1] is denied, but defendants are entitled to discovery on this issue; to exclude evidence of defendants' alleged attempts to intimidate plaintiff [63-1] is granted without objection; to exclude evidence of plaintiff's prior lawsuits [64-1] is denied for evidence relating to damages in the case of *Corbett v. Sheehan* and granted for evidence relating to the case of *Corbett v. Biggs*; to introduce for a limited purpose evidence of plaintiff's altercation with other police officers [65-1] is denied; and to exclude evidence of defendant White's prior inconsistent statements [66-1] is denied, but a limiting instruction will be given regarding a police officer's immunity against civil liability based on his testimony in a criminal trial.